# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

| | |
|---|---|
| **GREGORY COOPER** | **PLAINTIFF** |
| **V.** | **CIVIL ACTION NO.** 1:22cv255 HSO-BWR |
| **QUALITY CARRIERS, INC.** | **DEFENDANTS** |

## NOTICE OF REMOVAL

PLEASE TAKE NOTICE that Defendant, Quality Carriers, Inc. ("QCI"), through counsel, has removed Civil Action No. A2401-2022-293 filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, to the United States District Court for the Southern District of Mississippi, Southern Division. This Notice of Removal is filed pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. Removal is proper because there is complete diversity between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs.

### I. CIVIL ACTION REMOVED

1. On September 15, 2022, Plaintiff, Gregory Cooper ("Plaintiff"), filed a Complaint in state court alleging negligence against Quality Carriers, Inc. as a result of an automobile accident that occurred on February 8, 2022, in Hancock County, Mississippi. This state-court action is styled, *Gregory Cooper v. Quality Carriers, Inc.*, and is filed in the Circuit Court of Harrison County, Mississippi, First Judicial District, bearing Civil Action No. A2401-2022-293. A true and correct copy of the certified record of state-court proceedings has been requested and will be timely filed as a separate item as soon as it is received. An uncertified copy of the state court record is attached hereto as **Exhibit A**.

## II. TIMELINESS OF REMOVAL

2. Plaintiff has not yet served QCI. As such, the time for removal as not began to run, and removal is timely pursuant to 28 U.S.C. § 1446(b)(1). Further, there is no requirement that QCI be served prior to filing a Notice of Removal. *Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal."); *Addison v. First Family Fin. Servs.*, No. 4:06CV22LR, 2006 U.S. Dist. LEXIS 47200, at *3-6 (S.D. Miss. May 9, 2006) ("[A] notice of removal filed after the complaint, but before service of the complaint, is not premature but rather timely."); *Mehrtens v. Am.'s Thrift Stores, Inc.*, No. 1:10cv534-HSO-JMR, 2011 U.S. Dist. LEXIS 57990, at *4-5 n.1 (S.D. Miss. May 26, 2011) ("[A] defendant has a right to file a notice of removal pursuant to 28 U.S.C. § 1446(a) and (b) before it is served with process.").

## III. COMPLETE DIVERSITY OF PARTIES

3. According to his Complaint, Plaintiff is an adult resident citizen of Mississippi. Compl. (**Ex. A**) ¶ I. QCI is an Illinois Corporation with its principal place of business located in Florida. *Id.* at ¶ 2; *see also* 28 U.S.C. § 1332 (c)(1) ("[A] corporation shall be deemed to be a citizen of every State and foreign state by which it has been incorporated and of the State and foreign state where it has its principal place of business…"). Thus, there is complete diversity between Plaintiff and Defendant as none "of the parties in interest properly joined and served as defendants [are citizens] of the State in which the action is brought." 28 U.S.C. §1441(b) (emphasis added).

## IV. AMOUNT IN CONTROVERSY EXCEEDS $75,000

4. In the Fifth Circuit, "removal is proper if it is facially apparent from the complaint that the claims are likely to be above $ 75,000." *Randle v. Smithkline Beecham Corp.*, 338 F. Supp.

2d 704, 709 (S.D. Miss. 2004) (citing *Allen v. R & H Oil & Gas Co.*, 63 F.3d 1326, 1335 (5th Cir. 1995)). Courts determine whether it is facially apparent that the amount in controversy exceeds the jurisdictional minimum "by simply examining the complaint and ascertaining whether the amount in controversy is likely to exceed $75,000." *Amos v. Citifinancial Corp.*, 243 F. Supp. 2d 587, 590 (N.D. Miss. 2003) (citing *Allen*, 63 F.3d at 1336). For this analysis, "the court may refer to the types of claims alleged by the plaintiff, as well as the nature of the damages sought." *Id.* (citing *Allen*, 63 F.3d at 1335).

5. In the Complaint, Plaintiff alleges serious, permanent injury and substantial damages including but not limited to the following:

- "<u>Severe personal injuries</u> to his body, including but not limited to, his head, neck, back, left thumb, tongue and ringing in his ears, which has rendered him <u>temporarily and totally disabled</u>."

- "Physical pain, nervous shock and mental anguish in that he <u>now and in the future</u> and has since the date of the accident suffered <u>excruciating</u> pain in his head, neck, back, left thumb, tongue and ringing in his ears."

- "As a result of said <u>severe personal injuries</u>, it was necessary for Plaintiff to make and he did make and incur certain expenditures and obligations for medical and hospital care and attention."

- "Plaintiff is informed and believes, and on such information and belief alleges, that it will be necessary for him in the future to expend further sums for medical care and attention; the exact amount of all such expenses and obligations so incurred and to be incurred by Plaintiff cannot be presently ascertained."

- "Such <u>severe personal injuries</u> have caused Plaintiff to suffer a decline in health, being unable to get his natural sleep and rest since sustaining said injuries."

- "Loss of enjoyment of life."

- "Plaintiff has and in the future will spend sums of money for hospital bills, medical expenses, doctor's care, therapy and treatment, medical and drugs."

- "Such <u>severe personal injuries</u> have caused and will in the future cause Plaintiff to suffer physical pain and mental anguish, to be <u>permanently disabled and weakened</u>."

- "Further, that as a result of this accident, Plaintiff has incurred many out of pocket expenses which he otherwise would not have incurred."

- "Loss of wages."

Compl. (**Ex. A**) ¶ IX (emphasis added).

6. Plaintiff's alleged damages and allegations of severe and permanent injuries make it facially apparent from the Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See Gebbia v. Wal-Mart Stores, Inc.*, 233 F.3d 880, 883 (5th Cir. 2000) (facially apparent that claimed damages exceeded $75,000 where plaintiff alleged physical injuries, medical expenses, physical pain and suffering, mental anguish, loss of enjoyment of life, loss of wages and earning capacity, and permanent disability and disfigurement); *Scirocco v. Ford Motor Co.*, No. 5:13-CV-128-KS-MTP, 2014 U.S. Dist. LEXIS 158890, at *3-4 (S.D. Miss. Nov. 10, 2014) (facially apparent that plaintiffs' claims were likely to exceed $75,000 where they alleged severe and permanent physical injuries, mental anguish, anxiety, pain and suffering, disability, disfigurement, loss of wages and wage-earning capacity, past and future medical expenses, and loss of consortium); *Mehrtens v. Am.'s Thrift Stores, Inc.*, No. 1:10cv534-HSO-JMR, 2011 U.S. Dist. LEXIS 57990, at *8 (S.D. Miss. May 26, 2011) ("Plaintiff's allegations regarding her back injury on the face of the Complaint, by their nature and severity, as well as the anticipated future damages she claims, potentially support a large monetary basis for recovery, likely greater than $75,000.00."); *Colony Ins. Co. v. Ropers of Hattiesburg*, No. 2:11cv3KS-MTP, 2011 U.S. Dist. LEXIS 34026, at *9 (S.D. Miss. Mar. 29, 2011) (compensatory damages sought "would most probably result in the amount of controversy requirement being met" where damages included past and future medical expenses, past and future lost wages, past and future physical pain and suffering, and past and future emotional distress and anxiety); *Holmes v. Citifinancial Mortg. Co.*, 436 F. Supp. 2d 829, 832 (N.D. Miss. 2006) ("Mississippi juries routinely award

damages for pain and suffering and/or mental or emotional damages in excess of $75,000."); *Stewart v. Glenburney Healthcare, LLC*, No. 5:08-CV-270-DCB-JMR, 2008 U.S. Dist. LEXIS 106129, at *2 n.1 (S.D. Miss. Dec. 23, 2008) (facially apparent that claimed damages exceeded $75,000 where plaintiff sought compensatory damages for medical expenses, physical pain and suffering, emotional and mental anguish, loss of enjoyment of life, physical injuries, and disfigurement).

7. In addition, Plaintiff seeks to recover punitive damages from QCI. *See* Compl. (**Ex. A**) ¶ XVII. Plaintiff's claim for punitive damages further establishes that the amount in controversy exceeds $75,000. *See Haney v. Cont'l Cas. Co.*, No. 3:08CV482 DPJ-JCS, 2008 U.S. Dist. LEXIS 102104, at *4 (S.D. Miss. Dec. 2, 2008) ("[F]ederal courts in Mississippi have held that claims for an unspecified amount of punitive damages exceed the jurisdictional amount." (citations omitted)); *Montgomery v. First Family Fin. Servs.*, 239 F. Supp. 2d 600, 605 (S.D. Miss. 2002) ("The court is of the opinion . . . that it is facially apparent from plaintiffs' complaint that the amount in controversy exceeds $75,000, given the nature of plaintiffs' claims and the fact of plaintiffs' demand for punitive damages . . . ."); *Myers v. Guardian Life Ins. Co. of Am.*, 5 F. Supp. 2d 423, 428 (N.D. Miss. 1998) (concluding that plaintiff's punitive-damages claim alone made it facially apparent that the amount in controversy exceeded the jurisdictional amount).

8. Pursuant to the foregoing authorities, it is facially apparent from Plaintiff's Complaint that the amount in controversy exceeds $75,000, exclusive of interest and costs.

9. Therefore, this Court has original jurisdiction in accordance with 28 U.S.C. § 1332, and the action may be removed under 28 U.S.C. § 1441.

## V. VENUE

10. Venue properly rests with this Court pursuant to 28 U.S.C. § 1441(a), as this case is being removed from the Circuit Court of Harrison County, Mississippi, First Judicial District.

## VI. NOTICE TO STATE COURT

11. QCI will immediately file a true and correct copy of this Notice of Removal with the Circuit Court of Harrison County, Mississippi, First Judicial District, and effect removal to this Court. In accordance with 28 U.S.C. § 1446(d), no further proceedings shall be had in the state court unless and until the matter is remanded.

## VII. NOTICE TO PLAINTIFF

12. Consistent with 28 U.S.C. § 1446(d) and as indicated in the attached Certificate of Service, Plaintiff is being provided with a copy of this Notice of Removal.

## VIII. CONCLUSION

13. For the previous reasons, QCI requests that this Court receive and place on its docket this Notice of Removal and that the Circuit Court of Harrison County, Mississippi, First Judicial District, not proceed any further in this action unless and until and if it is remanded.

Dated: September 20, 2022.

Respectfully submitted,

**Quality Carriers, Inc. Defendant**

By:   */s/ James R. Moore, Jr.*
      James R. Moore, Jr. (MSB #3445)
      R. Eric Toney (MSB #102349)
      *Attorneys for Quality Carriers, Inc.*

OF COUNSEL:

**COPELAND, COOK, TAYLOR & BUSH, P.A.**
1076 Highland Colony Parkway
600 Concourse, Suite 200
Ridgeland, Mississippi 39157
Post Office Box 6020
Ridgeland, Mississippi 39158
Telephone: 601-856-7200
Fax: 601-856-7626
jmoore@cctb.com
etoney@cctb.com

## CERTIFICATE OF SERVICE

I, James R. Moore, Jr./R. Eric Toney, certify that a true and correct copy of the previous document was served via electronic mail to the following:

Garner J. Wetzel, Esq.
Wetzel Law Firm
Post Office Box 1
Gulfport, Mississippi 39502
gjwetzel@wetzellawfirm.com
*Attorney for Plaintiff*

Dated: September 20, 2022.

      */s/ James R. Moore, Jr.*
      James R. Moore, Jr.
      R. Eric Toney