IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

FIRST JUDICIAL DISTRICT

FILED SEP 15 2022
BY: K. Simmall D.C.

**GREGORY COOPER**                                                        PLAINTIFF

**VERSUS**                                   CAUSE NO. A2401-2022-293

**QUALITY CARRIERS, INC.**                                                DEFENDANT

## COMPLAINT

## JURY TRIAL REQUESTED

COMES NOW Plaintiff, Gregory Cooper, by and through his attorneys of record, Wetzel Law Firm, and files herewith his Complaint against the Defendant, Quality Carriers, Inc., and in support of said claim for relief would show unto this Honorable Court the following facts, to-wit:

I.

That Plaintiff is an adult resident citizen of Harrison County, Mississippi.

II.

That the Defendant, Quality Carriers, Inc., upon information and belief is a Illinois corporation authorized to do business in the State of Mississippi and is currently in good standing with the Mississippi Secretary of State's Office and may be served with process through its Registered Agent, C T Corporation System, at 645 Lakeland East Drive, Suite 101, Flowood, Mississippi 39232.

III.

## COUNT ONE

### (DRIVER'S NEGLIGENCE)

By reference, each of the preceding paragraphs are adopted and made a part of Count One


EXHIBIT A

as fully as though manually copied herein.

IV.

Plaintiff would show that on or about February 8, 2022, at approximately 11:00 a.m., Plaintiff, Gregory Cooper, was traveling northbound on Highway 607 in Hancock County, Mississippi. Plaintiff would further show that the wrongful party, Rodney Stokes, was on the Highway 607 crossover to go northbound. Plaintiff would further show that he was traveling in a safe and prudent manner when suddenly and without warning, Rodney Stokes, illegally crossed Highway 607 northbound lanes to enter the eastbound traffic on I-10 and violently collided with the driver's side of Plaintiff's vehicle, causing the vehicles to go off the road when Plaintiff was struck again by Rodney Stokes' vehicle.

V.

Plaintiff would show that it was the duty of Rodney Stokes to obey all traffic laws and rules of the road, to keep and maintain a reasonable lookout for other vehicles upon said road and to drive in a reasonably safe manner under the circumstances then and there existing.

VI.

Plaintiff would aver that Rodney Stokes had exclusive care and management of said vehicle at the time he caused this accident and it was the duty of Rodney Stokes to use due care and to operate said vehicle in a careful and prudent manner so as not to cause Plaintiff's injuries. In the ordinary course of events, a vehicle being driven in a careful and prudent manner would not hit another vehicle in such reckless manner as to cause a collision to occur. That had Rodney Stokes been exercising due care, management and control of said vehicle, this accident would not have occurred and Plaintiff would not have been injured.

VII.

That wrongful party, Rodney Stokes, at the aforesaid time and place, is guilty of these additional acts of negligence, proximately causing or proximately contributing to causing the said collision, all which the Plaintiff now sues, to-wit:

a. Negligently and recklessly failing to abide the traffic signs and road markings;

b. Negligently and recklessly failing to keep said vehicle under proper management and control;

c. Negligently failing to keep a proper lookout for other vehicles;

d. Negligently failing to make the proper use of instrumentalities in his control so as to avoid an accident of this nature from taking place;

e. Negligently and recklessly failing to use reasonable care to maintain said vehicle under reasonable control to avoid striking another vehicle on said road, including the vehicle which the Plaintiff was in;

f. Negligently failing to drive Defendant's vehicle as a prudent and reasonable person would in order to prevent an accident such as this from occurring;

g. Other aspects to be shown at trial.

VIII.

That the injuries sustained by the Plaintiff, Gregory Cooper, as a result thereof was caused solely by the aforesaid acts and omissions by Rodney Stokes, and as such constitutes negligence on his part.

IX.

As a direct and proximate result of the negligence of Rodney Stokes the Plaintiff, Gregory Cooper, has sustained and suffered from the following:

3

a. Severe personal injuries to his body, including but not limited to, his head, neck, back, left thumb, tongue and ringing in his ears, which has rendered him temporarily and totally disabled;

b. Physical pain, nervous shock and mental anguish in that he now and in the future and has since the date of the accident suffered excruciating pain in his head, neck, back, left thumb, tongue and ringing in his ears;

c. As a result of said severe personal injuries, it was necessary for Plaintiff to make and he did make and incur certain expenditures and obligations for medical and hospital care and attention;

d. Plaintiff is informed and believes, and on such information and belief alleges, that it will be necessary for him in the future to expend further sums for medical care and attention; the exact amount of all such expenses and obligations so incurred and to be incurred by Plaintiff cannot be presently ascertain;

e. Such severe personal injuries have caused Plaintiff to suffer a decline in health, being unable to get his natural sleep and rest since sustaining said injuries;

f. Loss of enjoyment of life;

g. Plaintiff has and in the future will spend sums of money for hospital bills, medical expenses, doctor's care, therapy and treatment, medication and drugs;

h. Such severe personal injuries have caused and will in the future cause Plaintiff to suffer physical pain and mental anguish, to be permanently disabled and weakened;

i. Further, that as a result of this accident, Plaintiff has incurred many out of pocket expenses which he otherwise would not have incurred; and

j. Loss of wages

Plaintiff would show that all of the above was a direct and proximate result of the negligent acts of Rodney Stokes.

X.

## COUNT TWO

### (EMPLOYER VICARIOUS LIABILITY)

By reference, each of the preceding paragraphs are adopted and made a part of Count One and Two as fully as though manually copied herein.

XI.

Plaintiff would show that on or about February 8, 2022, at approximately 11:00 a.m., Rodney Stokes was in the course and scope of his employment with Defendant, Quality Carriers, Inc., at the time that he caused this accident with the Plaintiff.

XII.

Plaintiff would show that it was the duty of said Defendant's employee to obey all traffic laws and rules of the road, to keep and maintain a reasonable lookout for other vehicles upon said road and to drive in a reasonably safe manner under the circumstances then and there existing.

XIII.

Plaintiff would aver that the Defendant's employee had exclusive care and management of said vehicle at the time he caused this accident and it was the duty of the Defendant's employee to use due care and to operate his vehicle in a careful and prudent manner so as not to cause Plaintiff's injuries. In the ordinary course of events, a vehicle being driven in a careful and prudent manner would not hit another vehicle in such reckless manner as to cause a collision to

occur. That had the Defendant's employee been exercising due care, management and control of his vehicle, this accident would not have occurred and Plaintiff would not have been injured.

XIV.

That said Defendant, by and through its driver/employee, Rodney Stokes, at the aforesaid time and place, is guilty of these additional acts of negligence, proximately causing or proximately contributing to causing the said collision, all which the Plaintiff now sues, to-wit:

   a. Negligently and recklessly failing to abide the traffic signs and road markings;

   b. Negligently and recklessly failing to keep said vehicle under proper management and control;

   c. Negligently failing to keep a proper lookout for other vehicles;

   d. Negligently failing to make the proper use of instrumentalities in his control so as to avoid an accident of this nature from taking place;

   e. Negligently and recklessly failing to use reasonable care to maintain said vehicle under reasonable control to avoid striking another vehicle on said road, including the vehicle which the Plaintiff was in;

   f. Negligently failing to drive Defendant's vehicle as a prudent and reasonable person would in order to prevent an accident such as this from occurring;

   g. Other aspects to be shown at trial.

XV.

That the injuries sustained by the Plaintiff as a result thereof were caused solely by the aforesaid acts and omissions by the Defendant's employee and as such constitutes negligence on their part.

## XVI.

As a direct and proximate result of the negligence of Defendant's employee herein, the Plaintiff, Gregory Cooper, has sustained and suffered from the following:

a. Severe personal injuries to his body, including but not limited to, his head, neck, back, left thumb, tongue and ringing in his ears, which has rendered her temporarily and totally disabled;

b. Physical pain, nervous shock and mental anguish in that he now and in the future and has since the date of the accident suffered excruciating pain in his head, neck, back, left thumb, tongue and ringing in his ears;

c. As a result of said severe personal injuries, it was necessary for Plaintiff to make and he did make and incur certain expenditures and obligations for medical and hospital care and attention;

d. Plaintiff is informed and believes, and on such information and belief alleges, that it will be necessary for him in the future to expend further sums for medical care and attention; the exact amount of all such expenses and obligations so incurred and to be incurred by Plaintiff cannot be presently ascertain;

e. Such severe personal injuries have caused Plaintiff to suffer a decline in health, being unable to get his natural sleep and rest since sustaining said injuries;

f. Loss of enjoyment of life;

g. Plaintiff has and in the future will spend sums of money for hospital bills, medical expenses, doctor's care, therapy and treatment, medication and drugs;

h. Such severe personal injuries have caused and will in the future cause Plaintiff to

suffer physical pain and mental anguish, to be permanently disabled and weakened; and

i.      Further, that as a result of this accident, Plaintiff has incurred many out of pocket expenses which he otherwise would not have incurred.

Plaintiff would show that all of the above was a direct and proximate result of the negligent acts of the Defendant.

XVII.

(PUNITIVE DAMAGES)

Under Miss. Code Ann. 11-1-65, because of the gross negligence of the Defendant herein which among other things constitutes an independent tort, Plaintiff is entitled to recover punitive or exemplary damages against said Defendant to deter them from such oppressive conduct, gross negligence, wanton, reckless disregard for the safety of others in the future, in an amount within the jurisdictional requirements of this Honorable Court.

WHEREFORE, PREMISES CONSIDERED, Plaintiff hereby sues and demands judgment of and from the Defendant in an amount to be determined by a jury, together with pre- and post-judgment interest and costs and punitive damages.

RESPECTFULLY SUBMITTED, this the __14__ day of __Sept__, 2022.

GREGORY COOPER, Plaintiff

By: _____
GARNER J. WETZEL

WETZEL LAW FIRM
James K. Wetzel (MS Bar No. 7122)
Garner J. Wetzel (MS Bar No. 103596)
Post Office Box 1
Gulfport, MS 39502
(228) 864-6400 (ofc)
(228) 863-1793 (fax)
ATTORNEYS FOR PLAINTIFF

# COVER SHEET
## Civil Case Filing Form
*(To be completed by Attorney/Party Prior to Filing of Pleading)*

Mississippi Supreme Court — Form AOC/01
Administrative Office of Courts (Rev 2020)

**Court Identification Docket #:** 2 4 1 C 1
**Case Year:** 2 0 2 2
**Docket Number:** 0 0 2 9 3
**Local Docket ID:**

**Month/Date/Year (completed by clerk):** 0 9 / 1 5 / 2 2

In the **CIRCUIT** Court of **HARRISON** County — **FIRST** Judicial District

### Origin of Suit (Place an "X" in one box only)
- [ ] Initial Filing
- [ ] Reinstated
- [ ] Foreign Judgment Enrolled
- [ ] Transfer from Other court
- [ ] Other
- [ ] Remanded
- [ ] Reopened
- [ ] Joining Suit/Action
- [ ] Appeal

### Plaintiff
**Individual:** Last Name: **Cooper**   First Name: **Gregory**

___ Check (x) if Individual Plaintiff is acting in capacity as Executor(trix) or Administrator(trix) of an Estate, and enter style: Estate of _____

___ Check (x) if Individual Plaintiff is acting in capacity as Business Owner/Operator (d/b/a) or State Agency, and enter entity D/B/A or Agency _____

**Business:** _____

**Address of Plaintiff:** 5002 Kendall Avenue Gulfport, MS 39507

**Attorney (Name & Address):** Garner J. Wetzel, 1701 24th Avenue, Gulfport, MS 39501   **MS Bar No.** 103596

Signature of Individual Filing: *[signature]*

### Defendant
**Individual:** (blank)

**Business:** Quality Carriers, Inc.

D/B/A: 1208 East Kennedy Boulevard Suite 132, Tampa, FL 33602

**Attorney (Name & Address) - If Known:** _____   **MS Bar No.** _____

___ Check (x) if child support is contemplated as an issue in this suit.

### Nature of Suit (Place an "X" in one box only)

**Domestic Relations**
- [ ] Child Custody/Visitation
- [ ] Child Support
- [ ] Contempt
- [ ] Divorce: Fault
- [ ] Divorce: Irreconcilable Diff.
- [ ] Domestic Abuse
- [ ] Emancipation
- [ ] Modification
- [ ] Paternity
- [ ] Property Division
- [ ] Separate Maintenance
- [ ] Term. of Parental Rights-Chancery
- [ ] UIFSA (eff 7/1/97; formerly URESA)
- [ ] Other _____

**Appeals**
- [ ] Administrative Agency
- [ ] County Court
- [ ] Hardship Petition (Driver License)
- [ ] Justice Court
- [ ] MS Dept Employment Security
- [ ] Municipal Court
- [ ] Other _____

**Business/Commercial**
- [ ] Accounting (Business)
- [ ] Business Dissolution
- [ ] Debt Collection
- [ ] Employment
- [ ] Foreign Judgment
- [ ] Garnishment
- [ ] Replevin
- [ ] Other _____

**Probate**
- [ ] Accounting (Probate)
- [ ] Birth Certificate Correction
- [ ] Mental Health Commitment
- [ ] Conservatorship
- [ ] Guardianship
- [ ] Joint Conservatorship & Guardianship
- [ ] Heirship
- [ ] Intestate Estate
- [ ] Minor's Settlement
- [ ] Muniment of Title
- [ ] Name Change
- [ ] Testate Estate
- [ ] Alcohol/Drug Commitment (Involuntary)
- [ ] Alcohol/Drug Commitment (Voluntary)
- [ ] Other _____

**Children/Minors - Non-Domestic**
- [ ] Adoption - Contested
- [ ] Adoption - Uncontested
- [ ] Consent to Abortion
- [ ] Minor Removal of Minority
- [ ] Other _____

**Civil Rights**
- [ ] Elections
- [ ] Expungement
- [ ] Habeas Corpus
- [ ] Post Conviction Relief/Prisoner
- [ ] Other _____

**Contract**
- [ ] Breach of Contract
- [ ] Installment Contract
- [ ] Insurance
- [ ] Specific Performance
- [ ] Other _____

**Statutes/Rules**
- [ ] Bond Validation
- [ ] Civil Forfeiture
- [ ] Declaratory Judgment
- [ ] Injunction or Restraining Order
- [ ] Other _____

**Real Property**
- [ ] Adverse Possession
- [ ] Ejectment
- [ ] Eminent Domain
- [ ] Eviction
- [ ] Judicial Foreclosure
- [ ] Lien Assertion
- [ ] Partition
- [ ] Tax Sale: Confirm/Cancel
- [ ] Title Boundary or Easement
- [ ] Other _____

**Torts**
- [ ] Bad Faith
- [ ] Fraud
- [ ] Intentional Tort
- [ ] Loss of Consortium
- [ ] Malpractice - Legal
- [ ] Malpractice - Medical
- [ ] Mass Tort
- [ ] Negligence - General
- [x] Negligence - Motor Vehicle
- [ ] Premises Liability
- [ ] Product Liability
- [ ] Subrogation
- [ ] Wrongful Death
- [ ] Other _____

## IN THE CIRCUIT COURT OF HARRISON COUNTY, MISSISSIPPI

### FIRST JUDICIAL DISTRICT

**GREGORY COOPER**                                                              **PLAINTIFF**

**VERSUS**                                             CAUSE NO. A2401-2022-293

**QUALITY CARRIERS, INC.**                                                      **DEFENDANT**

---

### SUMMONS

---

**TO:**   C T Corporation System, Registered Agent
         Quality Carriers, Inc.
         645 Lakeland East Drive, Suite 101
         Flowood, Mississippi 39232

### NOTICE TO DEFENDANT

THE COMPLAINT WHICH IS ATTACHED TO THIS SUMMONS IS IMPORTANT AND YOU MUST TAKE IMMEDIATE ACTION TO PROTECT YOUR RIGHTS.

You are required to mail or hand-deliver a copy of a written Answer either admitting or denying each allegation in the Complaint to **Wetzel Law Firm, whose address is Post Office Box I, Gulfport, Mississippi 39502.** THIS ANSWER MUST BE MAILED OR DELIVERED WITHIN THIRTY (30) DAYS FROM THE DATE OF DELIVERY OF THIS SUMMONS AND COMPLAINT OR A JUDGMENT BY DEFAULT MAY BE ENTERED AGAINST YOU FOR THE MONEY OR OTHER THINGS DEMANDED IN THE COMPLAINT PREVIOUSLY FILED.

You must also file the original of your Answer with the Clerk of this Court within a reasonable time afterward.

Connie Ladner, Circuit Clerk
Harrison County, Mississippi

DATED: September 15, 2022    By: _K. Sumall_
                                 DEPUTY CLERK